Charles Ray TERRELL, a Minor, suing by and through his father and next friend, Jack B. Terrell, Appellant,

v.

OIL TRANSPORT COMPANY, a Partnership, Appellee.

No. 5278.

Court of Civil Appeals of Texas.

El Paso.

Oct. 22, 1958.

Rehearing Denied Nov. 19, 1958.

Blanton, Deaderick & McMahon, Odessa, for appellant.

James Little, Little & Gilliland, Big Spring, for appellee.

HAMILTON, Chief Justice.

Appellant, Charles Ray Terrell, as plaintiff in the trial court, sued appellee, Oil Transport Company, for damages resulting from a collision of his car and appellee's truck at an intersection. Appellant, in the court below, relied solely on the doctrine of discovered peril to establish liability. Six special issues were submitted to the jury, five relating to discovered peril, and the sixth being the damage issue. In answer to the first issue the jury found, in effect, that the appellant was not in a position of peril just prior to the collision, and answered no other issues bearing on discovered peril. To the issue of damage, the jury answered "None." On this jury verdict the court rendered judgment that the appellant take nothing, from which judgment he appeals.

Appellant's principal point of appeal complains that the trial court rendered an incorrect judgment because the answer of the jury to the first question was wrong—because the uncontradicted evidence established that appellant was in peril just prior to the collision, and that the jury's answer was contrary to the overwhelming weight and preponderance of the evidence. The facts relating to this point are more or less undisputed, while the interpretation placed on the facts is very much disputed.

The appellee's truck driver, Bulsterbaum, testified that he was travelling south on Highway 886, in Ector County, approaching an intersection to Highway 2020, which led off from said Highway 886 east to Odessa. When appellee's truck driver was about 60 yards from said intersection he saw appellant's car travelling from the west on a dirt road leading to the highway at the point approximately where Highway 2020 intersects said Highway 886. When the truck driver first saw appellant, appellant was about 70 yards from the highway. At this time appellee, who was travelling about 45 to 48 miles per hour, took his foot off the throttle and lightly applied his brakes. Appellee testified he did not know whether appellant was going to cross the highway or not when he first saw him. Appellant was about 15 yards from the highway when the truck driver, as testified by him, realized that appellant was going to come onto the highway without stopping; and in order to avoid an impending collision the truck driver put his brakes on full force and pulled his truck to the left in an effort to prevent a collision. Appellant's car hit appellee's truck broadside just behind the right front fender. Appellee's truck skidded its wheels 125 feet before coming to a stop. Appellant was seriously injured as the result of the collision. Among his injuries was the loss of his arm, amputation having been required just below the shoulder.

Appellant contends that the jury's answer to Special Issue No. 1—that is, that the appellant, just prior to the collision in question, was not in a position of peril—was not supported by any evidence, and that the undisputed and uncontradicted evidence establishes the contrary—to wit, that the appellant was in a position of peril just prior to the collision. We overrule this contention of appellant.

Appellant argues that the very fact that the collision happened is conclusive proof that appellant was in a position of peril just prior to the collision. If we accept this argument it would appear that rarely would there ever be necessity for submitting an issue upon the question of whether the plaintiff was in a position of peril in a discovered peril case. We think in order to understand what the jury was called upon to determine, we must take into consideration the theory upon which the appellant was trying this case. From the appellant's pleadings and from the evidence it appears that the appellant was attempting to show that, at about the time the truck driver first discovered the appellant, the appellant then was in a position of peril; that the driver of the truck realized that he was

in a position of peril and, as evidence thereof, made some effort to slow the truck down by taking his foot off the throttle and applying his brake lightly. It must be borne in mind that appellant not only had the burden of proving that the appellant was in a position of peril, but that the driver of the truck discovered such position and realized that the appellant was in a perilous position and would probably not extricate himself from such perilous position; and, having proved these elements, then it is incumbent upon him to prove that the driver of the truck then had a sufficient time within which to avoid the impending collision by the use of all means at hand, with safety to himself. Appellant contends that taking his foot off the throttle and lightly applying the brake was insufficient effort on the part of the truck driver to try to prevent the impending collision. Appellant maintains that the truck driver could have applied the brakes full force; he could have blown his horn to give warning to the appellant—all in time to have prevented the impending collision. But all of these contentions on the part of appellant must be based first upon the necessary fact finding that the appellant was in a perilous position. The burden was upon the appellant to prove it. We think it avails him nothing to argue that he is bound to have been in a perilous position or the collision could not have happened. The perilous position in which appellant had put himself must come before any of the other elements which are necessary to be proven, and not just at the moment of impact. It is therefore our opinion that the jury in answering this question had in mind that the appellant was not in a perilous position back at about the time when the truck driver had made the discovery of his presence and at the time he began to slow down, and such finding is supported by evidence. 17 Tex.Juris., p. 910, Sec. 410.

Appellant makes the same argument in support of his Point No. 2—that the evidence is insufficient to support the jury's answer to Special Issue No. 1, and that such finding is against the overwhelming weight and preponderance of the evidence. We think that our position is the same with regard to this point as we have discussed under Point 1, and we overrule this point. The truck driver testified that it did not occur to him that the appellant was going to drive upon the road without stopping, or that he was even going to drive upon the road. He might have intended turning off the dirt road, which was a lease road, to go to a well. He testified he did not know what appellant was going to do.

We overrule appellant's Points 5 and 6, contending that appellant established a right of recovery against appellee on the doctrine of discovered peril as a matter of law, and by the overwhelming weight and preponderance of the evidence.

Points 7 and 8 complain of the word "just" rather than "shortly" in Special Issue No. 1, and the use of the word "position" rather than the word "situation" in Special Issue No. 1. We overrule these points as being without merit.

In answer to appellant's Points 3 and 4, we agree with appellant that the jury's answer of "None" to a question of damages suffered by appellant as a result of the collision is not supported by the evidence, and is against the great and overwhelming weight and preponderance of the evidence. However, in view of our holding that the court correctly entered judgment for the appellee on the jury's answer to Special Issue No. 1, this finding of the jury on damages is immaterial. Likewise, both Points 9 and 10 become immaterial in view of our holding.

The judgment of the trial court is affirmed.